UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| KAMARIA DOUGLAS<br>    Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No.<br>)<br>) 2:14-cv-14784 |
| CAWLEY & BERGMANN, LLP<br>    Defendant, | )<br>)<br>) |

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, KAMARIA DOUGLAS, by and through her attorneys, the CONSUMER RIGHTS LAW FIRM, PLLC, and for her Complaint against the Defendant, CAWLEY & BERGMANN, LLP, Plaintiff states as follows:

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Kamaria Douglas, an individual consumer, against Defendant, Cawley & Bergmann, LLP and their agents for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

1

3. Because Defendant conducts business in Eastern District of Michigan, personal jurisdiction is established.

4. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue in is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving right to the claim occurred in this District.

### *III. PARTIES*

6. Plaintiff, Kamaria Douglas (hereinafter "Plaintiff"), is an adult individual who was at all relevant times residing in Rocherster, Oakland County, State of Michigan 48307.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Upon information and belief the Defendant, Cawley & Bergmann, LLP, (hereinafter "Defendant") is a business entity engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 117 Kinderkamack Road, Suite 201, River Edge, New Jersey 07661.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors, bills, statements, and/or other correspondence

via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

13. At all relevant times, Defendant acted through it duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. *FACTUAL ALLEGATIONS*

14. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15. The alleged debt meets the definition of a "debt" under 15 U.S.C. § 1692a(5).]\

16. In mid-March of 2014, roughly between March 7, 2014 and March 12, 2014 Plaintiff informed the Defendant that Plaintiff could not receive calls between the hours of 8:00am and 5:30pm her local time because Plaintiff works during those hours.

17. Over the next several weeks, Defendant, in connection with the collection of the alleged debt, attempted to communicate with Plaintiff during her working hours after being informed that this inconvenienced Plaintiff and was conduct prohibited by Plaintiff's employer.

18. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

3

19. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

20. The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

21. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by contacting Plaintiff during her working hours and attempting to cause issues for Plaintiff at her place of employment.

## V. *CAUSES OF ACTION*

### *COUNT I*
### *VIOLATIONS OF THE FDCPA- 15 U.S.C. § 1692, et seq.*

22. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

23. The foregoing acts and omissions of Defendant and their agents constitute numerous and multiple violations of the FDCPA including but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to the Plaintiff:

    (a) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to the Plaintiff; and

    (b) Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with the Plaintiff at the Plaintiff's place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communication; and

    (c) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

    (d) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

24. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

25. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to one thousand dollars ($1,000.00) pursuant to 15 U.S.C. § 1692 (a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. 15 § 1692k(a)(3).

## COUNT II
### *INVASION OF PRIVACY BY INTRUSION UPON SECLUSION*

26. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> "**Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**"

15 U.S.C. § 1692(a) (emphasis added).

28. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> "It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information."

15 U.S.C. § 6801(a) (emphasis added).

29. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

30. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

31. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

32. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.
33. As a result of such intrusions and invasions of privacy, Defendant is liable to Plaintiff for actual damages in an amount to be determined at trial from Defendant.

### VI. *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Declaratory judgment Defendant's conduct violated the FDCPA.

B. Actual damages from Defendant for intentional and/or negligent invasion of privacy in an amount to be determined at trial and for Plaintiff.

C. Statutory damages of $1,000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

D. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

E. Punitive damages in such amount as is found appropriate.

F. For Such other and further relief as the Court may deem just and proper.

### VII. *DEMAND FOR JURY TRIAL*

Please take notice that Plaintiff, Kamaria Douglas, demands trial by jury in this action on all issues so triable. US Const. amend 7. Fed.R.Civ.P. 38.

RESPECTFULLY SUBMITTED,

Dated: December 18, 2014

s/Kevin J. Buckley, Jr., Esq.
Attorney for Plaintiff
Consumer Rights Law Firm, PLLC
133 Main Street, 2nd Floor
North Andover, MA 01845
Telephone: (978) 212-3300
Facsimile: (888) 712-4458
AttorneyKevinB@consumerlawfirmcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MICHIGAN )
) ss
COUNTY OF OAKLAND )

I, KAMARIA DOUGLAS, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding against Cawley & Bergmann, LLP.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

- Pursuant to 28 U.S.C. 1746(2), I, KAMARIA DOUGLAS hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: Dec 18, 2014

*Kamaria C Douglas*
Kamaria C Douglas (Dec 18, 2014)

KAMARIA DOUGLAS

9